José Puig Morales, Plaintiff and Appellee, *v.* J. Antonio Lorden, Defendant and Appellant.

No. 5436.   Argued April 22, 1932.—Decided July 22, 1932.

*A. L. López* for appellant.   *F. González Fagundo, R. Rivera Zayas,* and *José Puig Morales* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Defendant appeals from a judgment for plaintiff in a proceeding for an injunction to restore the possession of certain real property and says that the district court erred in holding that defendant was a necessary party.   The contention of counsel in the district court was that defendant was not a proper party because he had acted as a representative of the Apostolic Roman Catholic Church, not for himself.   The trial judge found that the representative capacity of defendant had not been clearly established by the evidence but held that the question as to whether defendant acted for another or for himself was not important.   The judge did not say that defendant was a necessary party.   The practically undisputed fact is that the work which interfered with plaintiff's possession was being done by the order of defendant, that when plaintiff protested defendant assumed the responsibility for what was being done and said that he would consult his attorney.   Defendant was a proper party, if not a necessary party,

and the district judge did not err in holding that the question as to whether or not defendant acted in a representative capacity was immaterial.

The second assignment is that the district court erred in holding that plaintiff had a right to institute the proceeding. The question as developed in the brief for appellant, is whether the possession or control exercised by plaintiff over the strip in controversy was under any color of right to such possession or control.

The strip itself is an open space between a house, the property of plaintiff, and the church courtyard. Up to the date of the incident which gave rise to the present proceeding, it was separated from the church courtyard by a low wall. A predecessor in interest of plaintiff purchased the house in 1864 from the heirs of a former owner. It was subsequently recorded in the registry of property as bounded on the south by an alley which separated it from the church courtyard. The entry recites, however, that in a previous possessory proceeding the house had been described as bounded on both sides by other property belonging to the owner of the house. It seems to be a conceded fact that the house stands on a lot which belongs to the municipality, although that fact does not appear upon the record in the registry of property. In 1909 the then owner of the house, with the consent of the municipality, converted into septic tanks two cesspools which at some previous time had been made in the open space and covered the space itself with concrete. In August, 1911, the municipal council passed a resolution which reads in part as follows:

"Authority is hereby given to the neighbors whose properties abut on the site of the parish church of this city to fence the courtyards of their houses, in compliance with the instructions given them by the health officer of this zone, and they are authorized to extend such enclosures up to the walls of the churchyard of the above church, it being understood that the lanes contiguous to Palmer

Park must be fenced with iron grates or in default thereof with well painted wooden grates so as to have an ornamental appearance. The plans for such grates must be submitted to the council for its approval."

Thereupon a former owner of the house placed iron gates at the two ends of the open space. Either before or after the date last mentioned a cistern was dug. On one occasion the present owner granted a neighbor permission to place certain building materials for a time in the open space. In January, 1930, the mayor wrote the present owner of the house as follows:

"The bearer, Francisco Torres, a fast walker who wishes to take part in the festivities of the Legion, has applied for permission to exhibit himself in the Square; but as we are prevented from granting him permission by virtue of the last municipal ordinance, we have thought that perhaps you might give him permission to do it in the lane between your house and the church and thus contribute to the fun of the festivities, for which we would be obliged."

The present owner and the successive previous owners of the house for many years have been in the actual possession and control of the strip in question under some color of right to such possession and control. The municipal assembly on at least one occasion, and the mayor on another, seem to have regarded the same as appurtenant to the house now owned by plaintiff. The district court, therefore, did not err in holding that plaintiff had a right to institute the proceeding.

The third and fourth contentions of appellant, namely, that the district court erred in finding that plaintiff was in the physical possession of the strip in question on February 12, 1930, and in not awarding costs to defendant, are equally without merit.

The judgment appealed from must be affirmed.